

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00369-CV
_____

IN THE INTEREST OF M.L.S A CHILD

On Appeal from the 100th Judicial District
Childress County Texas
Trial Court No. 10973; Honorable Stuart Messer Presiding

May 4, 2021

MEMORANDUM OPINION

Before QUINN C.J. and PIRTLE and DOSS JJ.

The trial court terminated W.S.'s parental rights to the child M.L.S. and W.S. appeals from that judgment. On appeal he challenges the evidence supporting the trial court's finding that termination of his parental rights was in the child's best interest. We affirm.

*Background*

The Department had already been involved with the parents having taken custody of the couple's two older children who are not subjects of this cause. Then while W.S. was caring for the three-month old M.LS. and while the mother was at work in February

2019 M.L.S. stopped breathing normally. W.S.'s niece who was present at the time and later testified that W.S. had been screaming obscenities at the infant to shut up called 911. M.L.S. was taken to the hospital in Childress where he received immediate care but it was soon determined that he required a higher level of care. He was flown to the children's hospital in Lubbock where the infant underwent neurosurgery to reduce the swelling in his brain. He was placed on a ventilator and was given a feeding tube and remained in critical condition for some time. Pediatrician Patti Patterson a child abuse expert assessed M.L.S. and concluded that he was likely the victim of child abuse having documented "substantial evidence" of child abuse such as skull fractures brain hemorrhages and retinal bleeding. She testified that the injuries M.L.S. sustained were very nearly lethal. The increased pressure from the bleeding within the baby's brain was impacting the portion of the brain that regulates respiration causing the baby to stop breathing regularly.

Throughout the case that would follow M.L.S.'s hospitalization Department staff testified W.S. failed in most aspects to complete the services ordered. The record also reveals that W.S. has a long history of drug abuse and domestic violence. He was placed on deferred adjudication community supervision in January 2019 on charges of domestic assault against his niece. He violated the terms of his community supervision and in October 2019 he was sentenced to twenty years' imprisonment. He is currently serving that sentence.

His parental relationship with M.L.S. was terminated. He appeals that termination now challenging only the trial court's determination that termination of W.S.'s parental rights is in M.L.S.'s best interest.

*Analysis – Best Interest of the Child*

Parental rights may be involuntarily ended if a two-pronged test is met. That is clear and convincing evidence must establish both one or more of the statutory grounds permitting termination and termination must be in the child's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020); *In re N.G.* 577 S.W.3d 230 232 (Tex. 2019) (per curiam). W.S. does not dispute that clear and convincing evidence established the first prong conceding that sufficient evidence supports the trial court's findings under Subsections (D) (E) (F) (O) and (Q). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D) (E) (F) (O) and (Q). Therefore, unchallenged predicate statutory grounds support the termination of W.S.'s parental rights.[1] Said evidence can support the trial court's best interest finding and are binding upon this Court. *See In re E.A.F.* 424 S.W.3d 742 750 (Tex. App.—Houston [14th Dist.] 2014 pet denied) (citing *inter alia In re C.H.* 89 S.W.3d 17 28 (Tex. 2002)); *see also In re T.C.* No. 07-18-00080-CV 2018 Tex. App. LEXIS 6769 at *13 (Tex. App.—Amarillo Aug. 23 2018 pet. denied) (mem. op.) (noting that a parent who opts to forgo a challenge to predicate ground findings tacitly concedes that sufficient evidence

---

[1] Pursuant to the Texas Supreme Court opinion in *In re N.G.* we generally review the trial court's findings under section 161.001(b)(1)(D) and (E) when challenged. This is so because of the potential future consequences to a parent's parental rights concerning a different child. *See In re N.G.* 577 S.W.3d at 235–37. The record here reveals a pattern of domestic violence drug abuse criminal conduct and child abuse. Child abuse is endangering conduct under Subsection (D). *See In re M.P.B.* No. 01-19-00973-CV 2020 Tex. App. LEXIS 4819 at *21 (Tex. App.—Houston [1st Dist.] June 30 2020 pet. denied) (mem. op.). Further a parent's drug use and the effects of that drug use on the parent's life and ability to parent may establish an endangering course of conduct supporting termination under section 161.001(b)(1)(E). *See In re J.O.A.* 283 S.W.3d 336 345 (Tex. 2009). Apart from the evidence of child abuse against M.L.S. W.S.'s pattern of domestic assaults would allow the trial court to find that he engaged in a voluntary deliberate and conscious course of conduct and that his actions endangered the child's physical and emotional well-being. *See In re T.E.C.* No. 04-20-00351-CV 2021 Tex. App. LEXIS 39 at *22 (Tex. App.—San Antonio Jan. 6 2021 pet. denied) (mem. op.). The record contains both legally and factually sufficient evidence supporting the trial court's Subsections (D) and (E) findings.

supports those findings). We turn our analysis to the evidence supporting the trial court's best interest finding.[2]

In determining the best interest of a child courts apply the non-exhaustive *Holley* factors in performing their analysis. *See Holley v. Adams* 544 S.W.2d 367 371–72 (Tex. 1976). Those factors include the following: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.* 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.* 419 S.W.3d 615 620 (Tex. App.—San Antonio 2013 pet. denied).

---

[2] To determine whether the evidence is legally sufficient to support the trial court's best interest finding we look at all the evidence in the light most favorable to the finding to determine whether a reasonable fact-finder could form a firm belief or conviction that termination of parental rights is in the child's best interest. *See In re J.P.B.* 180 S.W.3d 570 573 (Tex. 2005). We must perform "an exacting review of the entire record" in determining the factual sufficiency of the evidence supporting the termination findings. *In re A.B.* 437 S.W.3d 498 500 (Tex. 2014). We review the whole record to decide whether a fact-finder could reasonably form a firm conviction or belief that termination of the parent-child relationship would be in the child's best interest. *See In re C.H.* 89 S.W.3d at 28.

Here W.S. was the child's caretaker when the child suffered traumatic and nearly fatal head injuries consistent with child abuse. Though he denied having injured the infant the evidence belies his denials. He used methamphetamine during the time period before the infant's injuries and continued to use it during the pendency of the case. He also failed to complete the services ordered. He is currently incarcerated for family violence visited upon his niece. His criminal history and relationship history is notably violent and unstable. W.S. testified that he should be able to maintain his parent-child relationship with M.L.S. because he loves his son he is his father and he has "fought for that little boy." He conceded that he was incarcerated and could not provide support shelter or protection for M.L.S. but testified that family members could care for M.L.S. during his incarceration though the family he suggested had not been studied for placement by the Department.

He testified to the one in-kind support contribution he made for M.L.S. that included diapers and formula. He also testified to the scant correspondence he has sent to M.L.S. Currently M.L.S. is in the care of his mother who has made major life improvements and is meeting the child's physical and emotional needs. W.S. is logistically incapable of meeting the child's needs.

W.S.'s proffered explanation that the infant having hit his head on a table when he fell off the couch was unlikely to have caused the traumatic and profound injuries observed on the infant according to a medical expert. He further 1) failed to successfully complete court-ordered services 2) continued to use drugs 3) violated his probation in so doing and 4) was sent to prison for twenty years upon conviction of domestic abuse of his niece.

Ultimately the *Holley* factors weigh heavily in favor of the trial court's finding that termination of W.S.'s parental rights is in the best interest of M.L.S. *Accord In re A.L.P.* No. 11-15-00011-CV 2015 Tex. App. LEXIS 8817 at *10 (Tex. App.—Eastland Aug. 21 2015 pet. denied) (mem. op.) (considering evidence of parent's pattern of domestic violence criminal history and child abuse and concluding that evidence was sufficient to support trial court's conclusion that the child's best interest was served by termination of parental rights). So we hold that the appellate record contains clear and convincing evidence upon which the trial court could legitimately determine that termination of the parental relationship was in the child's best interest.

We overrule appellant's sole issue and affirm the trial court's judgment termination the parent-child relationship between W.S. and M.L.S.


Per Curiam